UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JARED MYNATT, | ) |
|         Plaintiff, | ) |
| v. | ) No. 2:22-cv-00314-JRS-MKK |
| C. CONYERS, | ) |
|         Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Jared Mynatt, an inmate at Wabash Valley Correctional Facility, alleges in this action that he was denied adequate recreation time while he was incarcerated at Pendleton Correctional Facility ("Pendleton") in the Indiana Department of Correction ("IDOC"). Defendant Christina Conyers has moved for summary judgment on the ground that she was not personally involved in any alleged deprivation. Dkt. 51. For the reasons below, Defendant's motion, dkt. [51], is **GRANTED**. Additionally, Plaintiff's subsequently filed motion to appoint counsel, dkt. [61], is **DENIED**.

**I.
Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because

those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

At all times relevant to this matter, Plaintiff was incarcerated at Pendleton, and Defendant was employed as a grievance specialist at the facility. Dkt. 52-1 at 1 (Defendant's Affidavit). Plaintiff alleges that he did not receive recreation from approximately August 2020 to August 2021 and on three occasions in February and March 2022. Dkt. 52-2 at 22-23 (Plaintiff's Deposition).

Per IDOC policy, the grievance specialist "oversees the operation of the offender grievance process at the facility and is responsible for receiving, reviewing, recording, assigning a case number, ensuring investigation is conducted, and a proper response and resolution is made to each

grievance." *Id*. at 1, 4. In her role, Defendant had no authority over general recreation policy or whether specific inmates received recreation. *Id*. at 1. She was also not specifically aware of the amount of recreation Plaintiff received. *Id*. at 2. In her role, Defendant was limited to receiving, processing, and forwarding Plaintiff's grievances to other individuals. *Id*. at 2, 7; *see also* dkt. 52-2 at 42 (Plaintiff's Deposition).

### III.
### Discussion

This matter is proceeding solely on an Eighth Amendment conditions-of-confinement claim against Defendant. Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Plaintiff alleges in his complaint that he was deprived of adequate recreation and exercise to the detriment of his health. *See Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015) ("recogniz[ing] that lack of exercise can rise to a constitutional violation" when an inmate's movement is restricted to the point where his health is threatened).

"'To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'" *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). "Prison officials may satisfy the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at the official's direction or with his or her knowledge and consent." *Id.*

Here, undisputed facts establish that Defendant was not personally involved in the alleged deprivation of recreation time. Although Plaintiff attempts to point to Defendant's rejection of some of his grievances as "out[ of] timeframe," as evidence that she hindered his attempts to grieve his lack of recreation, *see* dkt. 52-2 at 45, his argument is unavailing because he fails to create a

material dispute of fact as to whether Defendant was personally responsible for the underlying deprivation alleged within the rejected grievances. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Moreover, Plaintiff testified in his deposition that Defendant accepted and forwarded most of his grievances to the relevant parties. *See* dkt. 52-2 at 42.

In short, the undisputed facts demonstrate that in her role as a grievance specialist, Defendant had no authority over the recreation policy at Pendleton or over whether specific offenders received recreation time. Accordingly, because Defendant lacked any personal involvement in the § 1983 claims alleged in this action, she is entitled to summary judgment.

Plaintiff's motion for summary judgment, dkt. [51], is **GRANTED**. Moreover, because the claims in this action have been dismissed with prejudice, Plaintiff's motion for counsel to represent him for purposes of discovery, settlement, or trial, *see* dkt. [61], is **DENIED** as moot.

## IV.
## Conclusion

Defendant's motion for summary judgment, dkt. [51], is **GRANTED**. Plaintiff's motion for counsel, dkt. [61], is **DENIED**. Final judgment will issue in a separate entry.

**IT IS SO ORDERED.**

Date: 09/11/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JARED MYNATT
120001
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838